IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA - CIVIL DIVISION

| | |
|---|---|
| C.B. HARRIS & COMPANY, INC.,<br>900 Second Street N.E., Suite 308B,<br>Washington, DC 20002,<br><br>   Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY,<br>420 Montgomery Street,<br>San Francisco, CA 94014,<br><br>and<br><br>ONE OR MORE JOHN DOES,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Case No: 1:14-cv-1096<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

---

## COMPLAINT

---

  Plaintiff C.B. Harris & Company, Inc., by and through Sulton Law Offices, PLLC, brings this action for monetary damages for breach of contract and negligence.

### JURISDICTION AND VENUE

1. This Court is vested with jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between entities of different States.

2. The unlawful practices alleged herein were committed within the judicial district of the United States District Court for the District of Columbia. Venue of this action is vested in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff C.B. Harris & Company, Inc. ("Harris") is a District of Columbia corporation. It
was formed in 1995. It provides government and corporate services including Document
Conversion, Records Management, Training and Development and Project Management.

4.      Defendant Wells Fargo & Company ("Wells Fargo") is a large financial institution based
in California. In 2006, its subsidiary Wells Fargo Bank, N.A. (based in South Dakota)
acquired Commerce Funding Corporation, a privately-held debt factoring[1] company
based in Virginia.

5.      One or More John Does are adults or companies engaging in some of the actions
complained of herein, including employees of Defendant Wells Fargo.

### FIRST CAUSE OF ACTION:
### BREACH OF CONTRACT

6.      On or about October 20, 2003, Harris opened a factoring account with Commerce
Funding Corporation (now Wells Fargo).

7.      Harris understood and Wells Fargo agreed that Wells Fargo would diligently safeguard
all funds belonging to Harris.

8.      Harris informed Wells Fargo that only one person, company President Cynthia B. Harris,
was authorized to withdraw Harris' funds from the account.

9.      The parties agreed that proof of Cynthia B. Harris' identification is required before any of
Harris' funds can be drawn from the account.

---

[1] "Factoring" is a financial transaction in which a business sells its accounts receivable to a third

10. This practice is consistent with the parties' course of performance, the parties' course of dealing, and usage of trade.

11. To this end, Cynthia B. Harris displayed to Wells Fargo her government-issued identification and provided an original signature card for Wells Fargo to reference.

12. Between 2008 and 2011, Harris was the victim of an embezzlement scheme executed by its Finance Director Howard E. Person, Jr., who defrauded the company out of approximately $3,209,000.00.[2]

13. Person was investigated, arrested, charged, pled guilty, and awaits sentencing in Case No. 1:13-cr-00219-RBW in the United States District Court for the District of Columbia.

14. Harris did not know or have reason to know of any fraud before Person's resignation in 2011.

15. Person concealed a number of unauthorized transfers from Harris, by denying Cynthia B. Harris access to certain statements and by creating phony invoices and reports.

16. Upon learning of the fraud, Harris promptly notified all of its banks of the embezzlement.

17. As Finance Director, Person was an authorized signatory on some of Harris' bank accounts, but was not an authorized signatory on Harris' factoring account with Wells Fargo.

18. On or about July 29, 2013, during the course of the federal investigation, Cynthia B. Harris was provided with a three-page document bearing blatant forgeries of her signature.

---

[2] These were the company's funds. Harris' clients' money has not been mishandled or misused.

19.    It was then that Harris learned that Wells Fargo had permitted someone other than Cynthia B. Harris – namely, Person – to withdraw funds from Harris' account.

20.    Specifically, on or about March 19, 2008, Wells Fargo wired $695,892.10 to Person's personal account at SunTrust Bank. And, on or about May 13, 2008, Wells Fargo wired $319,725.33 to the same account.

21.    Additional unauthorized transfers may have occurred on other dates.

22.    Harris has requested copies of its bank statements and contracts with Wells Fargo, however, Wells Fargo has not yet provided any documents in response to those requests.

23.    During the embezzlement period, at Person's request, Wells Fargo sent Harris' monthly bank statements to Person's personal mailing address and not to Harris.

24.    By failing to require proof of Cynthia B. Harris' identification through (a) display of her government-issued ID or (b) comparison to her signature card on file, Wells Fargo breached its contract with Harris.

25.    As a direct, foreseeable, and proximate result of Wells Fargo's unlawful conduct complained of herein, Harris suffered injuries, damages and other losses that continue into the present and will continue into the foreseeable future.

26.    Harris requests relief as hereinafter provided.

## SECOND CAUSE OF ACTION:
## NEGLIGENCE

27.    Harris incorporates here all paragraphs alleged above.

28.    By failing to require proof of Cynthia B. Harris' identification through (a) display of her government-issued ID or (b) comparison to her signature card on file, Wells Fargo breached its duty of care Harris.

4

29.     As a direct, foreseeable, and proximate result of Defendants' intentional unlawful conduct complained of herein, Plaintiff suffered injuries, damages and other losses that continue into the present and will continue into the foreseeable future.

30.     Plaintiff requests relief as hereinafter provided.

**RELIEF REQUESTED**

Wherefore, Plaintiff respectfully requests that this honorable Court enter judgment against Defendants, and provide the following relief:

A.      An order that Defendants pay, jointly and severally, all damages Plaintiff sustained as a result of the claims herein, including, but not limited to compensatory damages, general damages, punitive damages, plus pre- and post-judgment interest and other statutory penalties;

B.      An order that Defendants pay, jointly and severally, all costs of action incurred herein, including reasonable attorneys' fees and expert fees to the extent available under federal laws;

C.      Retention of jurisdiction over this action to assure full compliance with the Orders of the Court; and

D.      Such other and further legal and equitable relief as this Court deems just and reasonable under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

Dated this 28th day of June, 2014.

                                        **SULTON LAW OFFICES, PLLC**

                                        <u>**s/PATRICE A. SULTON**</u>
                                        Patrice A. Sulton, Esq.
                                        DC Bar # 990606
                                        601 Pennsylvania Avenue, NW
                                        Suite 900 South
                                        Washington, DC 20004
                                        Telephone: (202) 681-8783
                                        Email: patrice.sulton@sultonlaw.com

                                        **Plaintiff's Attorney**